**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SYLVESTER SEAL MURRAY,

       Plaintiff,

v.                                                          Case No. 11-15373

UNITED STATES DEPARTMENT OF
TREASURY, et al.,

       Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
AND DISMISSING THE COMPLAINT WITH PREJUDICE**

Before the court is Defendants the Department of Treasury, the Internal Revenue

Service, and the Drug Enforcement Agency's (collectively, the "Government's") motion

to dismiss.  After Plaintiff failed to file a response in opposition during the time period

allotted by the Local Rules, the court unsuccessfully attempted to contact Plaintiff's

counsel, Ralph Richardson, to bring the deficiency to his attention.[1]  The court then

entered an order directing Plaintiff to show cause why the Government's motion to

dismiss should not be granted for lack of opposition.  In light of the fact that the court

was unable to reach Plaintiff's counsel, the court's case manger took the extraordinary

step of mailing a copy of the show cause order directly to Plaintiff's last known address,

which Plaintiff provided to the court during an earlier lawsuit against the Government.

Neither Plaintiff nor his counsel responded to the show cause order.   Having reviewed

the Government's motion, the court concludes a hearing is unnecessary, especially in

---

[1]Richardson's contact information associated with his Pacer e-filing account is
obsolete.  Emails to Richardson's email address are returned as undeliverable and calls
to his listed telephone number indicate that the number is no longer in service.

light of Plaintiff's failure to oppose the motion.  *See* E.D. Mich. LR 7.1(f)(2).  The motion

will be granted and the complaint dismissed with prejudice.

## I. STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief," Fed. R.

Civ. P. 8(a)(2), otherwise it is subject to dismissal under Rule 12(b)(6) for "fail[ing] to

state a claim upon which relief can be granted," *id.* 12(b)(6).  To survive a Rule 12(b)(6)

motion, a complaint need not state "detailed factual allegations."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  However, it must contain more than "labels and

conclusions," *id.*, "a formulaic recitation of the elements of a cause of action," *id.*, or

"naked assertion[s]" unsupported by "further factual enhancement," *id.* at 557.  In other

words, though "a court must accept as true all of the allegations contained in a

complaint," this tenet is "inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S.

662, 129 S. Ct. 1937, 1949 (2009).

A complaint must allege enough facts that, when assumed true, "raise a right to

relief above the speculative level," *Twombly*, 550 U.S. at 555, by "stat[ing] a claim to

relief that is plausible on its face," *id.* at 570.  A claim is facially plausible when the

plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged," rather than showing only "a sheer

possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility

2

of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

A court takes a "two-pronged approach" when considering a Rule 12(b)(6) motion. *Id.* at 1950. First, the court must dismiss "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, if a complaint does present "well-pleaded factual allegations," a court will "assume their veracity" and decide "whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. DISCUSSION

As the Government points out in its motion to dismiss, the complaint in this case alleges claims identical to those alleged by Plaintiff in a 2009 pro se action, which the court dismissed pursuant to 28 U.S.C. § 1915(e)(2) as both frivolous and as failing to state a claim upon which relief could be granted. *See Murray v. Dep't of Treasury*, No. 09-14743, 2010 WL 451056 (E.D. Mich. Jan. 29, 2010). Because the underlying facts and claims are the same, the court quotes its earlier opinion for the relevant factual background:

> The basis of Plaintiff's complaint is that the IRS, DEA, and Department of Treasury have colluded with the U.S. Attorney's Office to deprive him of his rights and his property over a period of approximately [thirty] years. Plaintiff claims that this collusion and fraud began with his arrest in 1982 when DEA and IRS agents confiscated approximately four million dollars during raids on his homes. Plaintiff contends that the government agents only turned in half of the money they seized. Following the raids, Plaintiff sued for return of the funds, at which time the IRS intervened and collected approximately $670,000, which Plaintiff claims was improperly and fraudulently applied to

his tax account.  Plaintiff claims that this conduct continued throughout the following two decades.

*Id.* at *1.

"'[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.'" *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir. 2008), (quoting *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470 at *2 (6th Cir. July 3, 1989)). The Sixth Circuit has nevertheless held that on a motion to dismiss, "the movant must always bear [the] initial burden regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir.1991).  Here, review of the Government's motion and the complaint conclusively establishes that the complaint must be dismissed with prejudice as being barred by the doctrine of res judicata and for failing to state a claim upon which relief can be granted.

Res judicata bars future claims when the following four elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) (internal quotations omitted).  Each element of res judicata is present in this case.  First, the court's earlier dismissal of the complaint in case number 09-14743 pursuant to § 1915(e)(2) serves as a final decision on the merits.  *See Burton v. Cleveland Oh. Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004).  Second, the present case is between the same parties as the 2009 case.  Third, although Plaintiff has included additional allegations in his most recent complaint, the core issues in the two complaints

4

are identical.  In both cases, Plaintiff claims that the IRS, DEA, and Department of

Treasury conspired to deprive him of his constitutional rights and to defraud the court.

Moreover, to the extent that Plaintiff now seeks to challenge the IRS's 1982 income tax,

that issue could have and "should have been litigated in the prior action."  *Vasilakos*,

508 F.3d at 406.  And fourth, an identity of the causes of action—often referred to as an

"identity of claims"—is also present because the claims asserted in both this case and

the 2009 case "arose out of the same core operative facts."  *Browning v. Levy*, 283 F.3d

761, 774 (6th Cir. 2002).  That the complaint's statement of facts is a near verbatim

recitation of the statement of facts in the 2009 complaint not only conclusively shows

that the fourth element is satisfied, but also that Plaintiff, and his counsel, have brazenly

attempted to relitigate a case that this court dismissed as frivolous three years ago.

Because each of the four elements is present in this case, Plaintiff's claims against the

Government are barred by res judicata.

Even if Plaintiff could overcome the preclusive effect of res judicata, his

complaint would fare no better than it did in 2009.  In both complaints, Plaintiff alleges

claims under § 1983 against federal agencies.  (*See* Compl. 1, Dkt. # 1); *Murray*, 2010

WL 451056 at *2.  Section 1983, however, provides a cause of action only where an

individual's constitutional rights have been deprived by a *person* acting under color of

*state* law.  As the court held in the 2009 case, because Plaintiff's claims are against

federal agencies, none of which is a person acting under color of state law, § 1983

provides no grounds for relief.  *See District of Columbia v. Carter*, 409 U.S. 418, 424-

425 (1973) ("[A]ctions of the Federal Government and its officers are at least facially

exempt from [Section 1983's] proscriptions."); *Daly-Murphy v. Winston*, 837 F.2d 348

5

(9th Cir.1987); *Broadway v. Block*, 694 F.2d 979 (5th Cir.1982).  Moreover, even if the court were to construe the complaint as alleging claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), a "*Bivens* claim may not be brought against a federal agency."  *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 435 (6th Cir. 2006) (citing *FDIC v. Meyer*, 510 U.S. 471, 475-86 (1994)).  Here, Plaintiff has named only federal agencies as defendants.  Thus, construing the complaint as a *Bivens* action does not help Plaintiff.

Finally, to the extent that Plaintiff once again asserts claims against the IRS under 26 U.S.C. §§ 7213(a), 7214(b), and 7215, criminal subsections of the Internal Revenue Code, he has not stated a claim upon which relief can be granted.  Although unlikely, Plaintiff may recall the court's previous statement in the 2009 case that the enforcement of federal criminal statutes is vested in the Department of Justice, not private citizens.  *See Murrary*,  2010 WL 451056 at *2.

The complaint must therefore be dismissed because it is both barred by res judicata and fails to state a claim on which relief can be granted.

### III.  CONCLUSION

For the reasons state above, the Government's "Motion to Dismiss" [Dkt. # 6] is GRANTED.  The complaint is DISMISSED WITH PREJUDICE.

 s/Robert H. Cleland                              
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 9, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 9, 2012, by electronic and/or ordinary mail.

   s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522